IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01340-BNB

TIMOTHY P. MORRIS,

Applicant,

v.

PAMELA PLOUGHE, Acting Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 14 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Timothy P. Morris, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Morris has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Denver District Court case number 03CR1616.

The court must construe the application liberally because Mr. Morris is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Morris will be ordered to file an amended application if he wishes to pursue his claims in this action.

The court has reviewed the application and finds that it is deficient because Mr. Morris fails to provide a clear statement of the claims he is raising in this action. More

specifically, Mr. Morris fails to provide a clear statement of the factual basis for each of the claims he is asserting in this action. Mr. Morris alleges in his first claim that counsel was ineffective by failing to fully investigate the case and by failing to properly advise him of the direct consequences of his guilty plea. However, Mr. Morris fails to allege specifically what counsel failed to investigate or what an adequate investigation would have uncovered, and he fails to allege specifically how counsel's advisement regarding the direct consequence of his guilty plea was deficient. In his second claim for relief, Mr. Morris complains that he was sentenced in the aggravated range, but he fails to identify the specific facts that resulted in an aggravated sentence and he fails to explain how his sentence allegedly violated **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Blakely v. Washington**, 542 U.S. 296 (2004). Finally, Mr. Morris alleges in his third claim that his guilty plea is invalid because of an accumulation of errors, but he identifies only one alleged error in support of the third claim. If Mr. Morris wishes to challenge the validity of his guilty plea in his third claim for any reason other than the lack of a competency evaluation, he must identify what the additional error or errors were.

For these reasons, Mr. Morris will be ordered to file an amended application in which he clarifies the claims he is asserting and in which he provides specific factual allegations in support of each asserted claim. Mr. Morris is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Morris must

"specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Morris file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Morris, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Morris fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED June 14, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01340-BNB

Timothy P. Morris
Prisoner No. 121084
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 6/14/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk