IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01340-BNB

TIMOTHY P. MORRIS,

    Applicant,

v.

PAMELA PLOUGHE, Acting Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 29 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Timothy P. Morris, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Morris initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 6, 2010, he filed an amended application for a writ of habeas corpus. Mr. Morris is challenging the validity of his conviction and sentence in Denver District Court case number 03CR1616.

On August 10, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On August 24, 2010, Respondents filed their Pre-Answer Response. Although he was given an opportunity to file a reply to the Pre-Answer Response, Mr. Morris has not done so.

The Court must construe the amended application liberally because Mr. Morris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Morris agreed to plead guilty to child abuse and attempted sexual assault of a child. On March 2, 2004, he was sentenced to concurrent terms of twenty years in prison on the child abuse count and six years in prison on the attempted sexual assault count. Mr. Morris did not file a direct appeal.

Mr. Morris did file a number of postconviction motions in his state court criminal case. On June 23, 2004, he filed a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure that the trial court denied on October 27, 2004. (*See* Doc. #13-1 at pp.7-8.) On December 2, 2004, he filed a motion for discovery that the trial court denied on February 4, 2005. (*See id.* at p.7.) On May 27, 2005, he filed a motion requesting court documents that the trial court denied on June 16, 2005. (*See id.*)

Finally, on December 26, 2006, Mr. Morris filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure that was denied in part on March 6, 2007, and in part on October 23, 2007. (*See id.* at pp.6-7.) On October 30, 2007, Mr. Morris filed a motion to reconsider the trial court's denial of his Rule 35(c) motion together with a supplemental brief, and that motion was denied on December 28, 2007. (*See id.*) The trial court's order denying the Rule 35(c) motion was affirmed

on appeal. *See People v. Morris*, No. 08CA1577 (Colo. App. Aug. 13, 2009) (Doc. #13-3). On March 22, 2010, the Colorado Supreme Court denied his petition for writ of certiorari in the postconviction proceedings. *See Morris v. People*, No. 09SC922, 2010 WL 1011047 (Colo. Mar. 22, 2010).

The Court received the instant action for filing on June 2, 2010. Mr. Morris asserts three claims for relief. He first claims that counsel was ineffective by failing to adequately investigate his case and by failing to adequately advise Mr. Morris of the direct consequences of a guilty plea. In his second claim, Mr. Morris argues that he was sentenced in the aggravated range in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Mr. Morris finally claims that the trial court erred in failing to order a competency evaluation.

Respondents first assert that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Morris' conviction became final. Because Mr. Morris did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Morris had forty-five days to file a notice of appeal after he was sentenced on March 2, 2004. Therefore, the Court finds that Mr. Morris' conviction was final on April 16, 2004.

The Court also finds that the one-year limitation period began to run on April 16, 2004, because Mr. Morris does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for each of his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D). Although the Supreme Court's decision in *Blakely* was decided after Mr. Morris' conviction became final, *Blakely* does not apply retroactively to cases on collateral

review. *See **United States v. Price**,* 400 F.3d 844, 849 (10th Cir. 2005) ("***Blakely*** does not apply retroactively to convictions that were final at the time the Court decided ***Blakely***").

The next question the Court must answer is whether the state court postconviction proceedings tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See **Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations

period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that Mr. Morris' Rule 35(b) motion tolled the one-year limitation period from June 23, 2004, when the Rule 35(b) motion was filed, until December 13, 2004, when the time expired for Mr. Morris to file an appeal from the denial of the Rule 35(b) motion on October 27, 2004.[1] However, Respondents are correct that the time between April 16 and June 23, 2004, which the Court calculates to be sixty-seven days, counts against the one-year limitation period. Respondents also are correct that the one-year limitation period expired during the time-gap of more than two years after the Rule 35(b) proceedings concluded in December 2004 and before Mr. Morris filed his Rule 35(c) motion in December 26, 2006.

Although not addressed by Respondents, the Court notes that the motions for discovery and court documents Mr. Morris filed in December 2004 and May 2005 did not toll the one-year limitation period because there is no indication that either motion included any substantive claims for relief. *See, e.g., May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (finding that postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year limitation period pursuant to § 2244(d)(2); *Pursley v. Estep*, 216 F. App'x 733, 734 (10th Cir. 2007) (finding that motions for appointment of counsel in postconviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period); *Osborne v. Boone*, No. 99-7015, 1999 WL

---

[1] The forty-fifth day after October 27, 2004, was Saturday, December 11, 2004. Therefore, the filing deadline extended until Monday, December 13, 2004. *See* C.A.R. 26(a).

203523 at *1 (10th Cir. Apr. 12, 1999) (stating that "attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)"). In any event, because the motions for discovery and court documents were pending in state court for approximately only six months of the two-year gap between the Rule 35(b) and Rule 35(c) motions, the motions for discovery and court documents would not alter the Court's conclusion that this action is time-barred even if they did toll the one-year limitation period.

Finally, because the Court agrees with Respondents that the one-year limitation period expired before Mr. Morris filed his Rule 35(c) motion in December 2006, the Rule 35(c) motion could not toll the one-year limitation period pursuant to § 2244(d)(2). **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. **Holland v. Florida**, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if Mr. Morris shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. **Pace v. DiGuglielmo**, 544 U.S. 408, 418 (2005); **see Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**,

232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, in order to demonstrate he pursued his claims diligently, Mr. Morris must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Morris fails to allege any facts that might justify equitable tolling of the one-year limitation period. He does not allege that he has been pursuing his claims diligently or that some extraordinary circumstance prevented him from filing the instant action in a timely manner. Therefore, the application will be denied as barred by the one-year limitation period. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative argument that two of Mr. Morris' claims are unexhausted and procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  28th  day of  September , 2010.

BY THE COURT:

_Christine M. Arguello_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01340-BNB

Timothy P. Morris
Prisoner No. 121084
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/29/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk